McKinney, J.,
delivered the opinion of the Court.
This was an action of trespass, for breaking and entering the plaintiff’s close. Verdict for the plaintiff, and an appeal in error by the defendant.
The material facts appear to be, that Suseng, the plaintiff below, had partly enclosed a piece of ground over which a road, occasionally used by the public, but *205 which never had been established by law, passed. A fence had been erected on one side, and at both ends of the lot, the other side remaining open, at the time of the trespass, complained of; the plaintiff having been arrested in the completion of the enclosure, by a supersedeas issued from the Circuit Court, in a pending litigation. The fence at one end, crossed the road.
In this state of the locus in quo, the defendant, Allen, caused the fence which crossed the road, to be thrown down, so as to admit his wagon and team to pass along, or near to the track of the road. This is the ground of the action.
Suseng failed to show ny title, and we must take it for the purpose of the present determination that he had no title to that part of the soil over which the road passed, or on which the part of the fence thrown down by Allen, stood.
Whether or not, upon this state of the facts, an action of trespass quare clausum fregit can be maintained, is the sole question presented by the record for our determination.
It is conceded by all the authorities, that proof of an actual and exclusive possession by the plaintiff, even though it be without title, and by wrong, is sufficient to support trespass against a mere stranger or wrong-doer, who has neither title to the possession in himself, nor authority from the legal owner of the soil: 2 Greenleaf’s Ev., sec. 618.
The question then is: Had the plaintiff upon the facts stated, such actual possession of the locus in quo, at the time of the alleged trespass?
*206 What constituted an actual possession? This, it must be admitted, is rather a nice and difficult question.
In our cases upon the Statute of limitations, and the Statute of forcible entry and detainer, it is settled, that a person may have actual possession, by having a field enclosed by a fence, (9 Yer., 96.,) without having a crop growing on the land; so he may have actual possession of a house, by fastening the doors and windows, though no one occupy it: Id. But the fence in such case must be a substantial enclosure: 3 Yer., 397-402 ; 2 Johns. Rep., 234-239; 10 Johns. Rep., 477; 5 Cow., 219; and if the doors of a house be left open, it will not be sufficient: 9 Yer., 93; 1 Sneed, 246.
If the same character of actual possession be required, in the case of a person who relies alone upon his possession de facto, to maintain an action of trespass, as is held necessary in the above cited cases, under the Statute of limitations, and of forcible entry and detainer, (and we are aware of no just principle of distinction,) then it would seem necessarily to follow, that this action cannot be maintained.
If a substantial enclosure of the field was requisite to constitute an actual possession, it is clear that the plaintiff had no such actual possession. The field was not enclosed, and whether unenclosed on one side, or more, or less, is unimportant; it is sufficient that the enclosure was not complete. Nor is it of any more importance, that the plaintiff was prevented from completing the enclosure by the process served upon him; the simple matter of fact, that the field was not enclosed, at the time of the alleged trespass, no matter for what reason, defeats his claim to an actual possession at the time. It must *207 be born^ in mind, that -the doctrine of constructive possession can have no application to a case like the present, where the plaintiff has no title, and rests solely upon his naked actual possession.
Upoh the proof, the most that can be said for the plaintiff’s case, is, that he began to do an act, which, if completed, would have constituted an actual possession, but left off for the reason stated, before that act was completed. And of this incomplete act, no legal effect can be predicated. He is in no better condition, so far as the right to support the present action is concerned, than if the act of enclosure had never been began. The doctrine of the case of West vs. Lanier, 9 Hump., 762, has no application to this case.
Judgment reversed.